BENJAMIN GUNTHER, Respondent, *v.* DOUGLAS L. ELLIMAN & COMPANY, INC., et al., Appellants.

*Per Curiam.* Plaintiff's cause of action is based upon the claim that he had an agreement with the corporate defendant, Douglas L. Elliman & Company, Inc., and the individual defendant, Robert Neaderland, to receive one half of the commissions paid to the corporate defendant for effecting the sale of stock of Chalmers Knitting Mills, if he would procure a purchaser for those shares, and that he did procure such purchaser.

Evidence upon the trial adduced by plaintiff failed to establish that he was in any way the procuring cause of the sale of the stock. Plaintiff merely brought to the attention of one Lester Martin, the eventual purchaser, the fact that the stock of Chalmers Knitting Mills was for sale. Because Martin then stated that he was not interested plaintiff did not pursue the matter further and did not again communicate with defendant Neaderland.

It appears that later Martin met a Mr. Schneierson, who was engaged in the same line of business as Martin. Schneierson had become interested in the purchase of the Chalmers stock at the instance of the banking firm of Wertheim & Co., who had also been informed by Neaderland that the stock was for sale. Through Schneierson, Martin for the first time met Neaderland. At the request of Schneierson, who valued Martin's expert opinion with reference to the manufacture of knit goods, Martin accompanied Schneierson and Neaderland on a trip to Amsterdam, New York, and there inspected the property belonging to Chalmers Knitting Mills. It was only after Schneierson abandoned the idea of purchasing the stock that Martin evinced a notion to buy, and he eventually did. Plaintiff had never disclosed to the seller that he had spoken to the ultimate purchaser about a prospective sale. Indeed he had never met the seller.

Moreover, there was no proof as to the actual or apparent authority of the individual defendant to bind the corporate defendant to share its commissions with plaintiff.

For the foregoing reasons the judgment should be reversed, with costs, and judgment is directed to be entered dismissing the complaint herein, with costs.

Peck, P. J., Dore, Cohn and Van Voorhis, JJ., concur.

Judgment unanimously reversed, with costs, and judgment is directed to be entered dismissing the complaint herein, with costs. Settle order on notice.